UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20673-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAMAN WITHERSPOON,                    **REPORT AND RECOMMENDATION**

    Defendant.
_____/

On or about July 16, 2010, court-appointed defense counsel Stuart Adelstein ("Counsel") submitted a voucher application numbered FLS 09 2550 with appended time sheets requesting $16,439.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted time sheets and a brief letter of explanation (the "Letter of Explanation") in support of his voucher application. Counsel represented Defendant Laman Witherspoon ("Defendant") for eleven (11) months from his appointment on August 10, 2009 until July 8, 2010.

Counsel seeks $16,439.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 1240]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. Defendant was originally "charged in a 47-count Indictment along with 28 co-defendants." (Letter of Explanation at 1). The grand jury later returned a Superseding Indictment which brought the total number of defendants in this case to thirty (30) including Defendant.

The Superseding Indictment **[DE # 209]** contained fifty-four (54) counts. "Defendant was considered one of the main defendants." (Letter of Explanation at 1). Defendant was named in Counts I, II, III, IV, and XXVI, XXVII, XXVIII, XXX, XXXVI, XXXVII, XXXVIII, XLI, XLII and XLV.

In Count I, Defendant was charged with conspiracy to possess with intent to distribute cocaine and cocaine base. In Counts II, III and XXVII, Defendant was charged with possession with intent to distribute cocaine. In Counts IV, XXVI, XXVIII, XXX, XXXVI, XXXVII, XXXVIII, XLI, XLII and XLV, Defendant was charged with possession with intent to distribute cocaine base. According to the penalty sheets attached to the Superseding Indictment, Defendant faced a maximum term of life imprisonment for the conspiracy charge, twenty years imprisonment for each of the possession of cocaine charges and forty years imprisonment for each of the possession of cocaine base charges. **[See DE # 209]**.

Second, the discovery in this matter was voluminous. "The Government supplied law enforcement line sheets listing over 10,000 intercepted calls. That all calls had to be reviewed on the defendants' telephone line as well as approximately 3,000 phone calls on the other two phone lines." (Letter of Explanation at 1). Further, "over 1,200 documents regarding wiretap applications, warrants, progress reports and search warrants were reviewed." (Letter of Explanation at 1). Counsel also incurred time reviewing the "hundreds of taped phone calls from various defendants in this case, originating from the Federal Detention Center." (Letter of Explanation at 1). The sheer volume of documents involved in this case which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, the representation of Defendant required Counsel to make a number of court appearances in this case. Plaintiff represented Defendant at an initial arraignment (8/12/09) and a second arraignment after the grand jury returned the Superseding Indictment (8/27/09). Counsel also appeared at a number of hearings and status conferences (9/4/09, 11/6/09, 11/20/09, 1/20/09, 1/13/10 and 3/16/10). Defendant pled guilty to Count XLII of the Indictment. **[See DE # 590]**. Thereafter, Counsel represented Defendant at a change of plea hearing (2/5/10) and at sentencing (7/8/10). Defendant was sentenced to sixty-four (64) months imprisonment. **[See DE # 1190]**.

Lastly, this case was rendered more complex than the average case because Defendant wavered on his decision to enter a guilty plea. "Defendant originally wanted to cooperate with the Government and in fact, entered a plea of guilty to Count 42 of [the Superseding] Indictment. That subsequent thereto, the Defendant communicated with the Court indicating his desire to withdraw his previously entered plea of guilty and to proceed

to trial which necessitated undersigned Counsel to continue to prepare for trial." (Letter of Explanation at 2). In the end, Defendant maintained his guilty plea, was "debriefed numerous times and testified for the government." (Letter of Explanation at 2).

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 8.1 in-court hours totaling $891.00. The CJA administrator increased the total amount sought to $937.50 because Counsel used an incorrect hourly rate for Counsel's in-court hours.

The CJA administrator also reviewed the 140.3 out-of-court hours sought by Counsel totaling $15,433.00. Counsel sought compensation for 49.5 hours for "Interviews and conferences" and 85.2 hours for "Obtaining and reviewing records." Counsel also sought compensation for 5.6 hours for "Legal research and brief writing." Again, the CJA administrator increased the total amount sought to $15,899.50 as Counsel again used the incorrect hourly rate for the out-of-court hours listed in the voucher.

Counsel also sought $115.00 in "Travel Expenses." The CJA administrator decreased the amount spent by Counsel on travel to $50.00. The CJA administrator concluded that the

total amount documented by Counsel in the voucher was $16,887.00.

### In-Court Hours[1]

Counsel sought compensation for 8.1 in-court hours totaling $891.00.  The CJA administrator adjusted the total amount sought to $937.50 because Counsel used the wrong hourly rate.   I approve the amount of $937.50 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 140.3 out-of-court hours.  Counsel listed a total of $15,433.00 for out-of-court hours.  The CJA administrator again corrected the hourly rate used by Counsel resulting in an increased total amount for out-of-court hours ($15,899.50).

Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries.  To that end, Counsel was questioned regarding these entries.  Counsel provided sufficient explanation for most of the entries but some of the troublesome entries remain.

Specifically, Counsel included a number of entries for time spent counseling Defendant's family.  The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") expressly provides that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

the defendant's arrest, are not compensable." Time spent "holding the hand" of Defendant's family is not compensable under the CJA as it is time that did not contribute to Defendant's defense.  Accordingly, Counsel should not be compensated for the following entries:

| | | |
|---|---|---|
| 8/12/09 | Conf w/client/Family | 2.6 hours[2] |
| 11/2/09 | Conf w/client/Conf w/client's family | 1.5 hours[3] |
| 12/22/09 | Conf w/family | 1.0 hours |
| 1/20/10 | Conf w/client's family | 2.0 hours |
| 2/4/10 | Conf w/client's family | 2.0 hours |
| 7/7/10 | Conf w/client's family | 1.5 hours[4] |

Counsel also included another entry that is not sufficiently detailed to comport with the requirements of the Supplemental Instructions:

| | | |
|---|---|---|
| 10/20/09 | Conf w/ AUSA | 0.2 hours |

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversation, Counsel failed to

---

[2] Counsel agreed that this entry should be deducted.

[3] Counsel advised that the portion of the conference during which Counsel spoke only with Defendant's family lasted 1.5 hours.

[4] Counsel advised that the portion of the conference during which Counsel spoke only with Defendant's family lasted 1.5 hours.

explain the reason for the duration of this telephone conference. As a result, this entry should also be eliminated.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in the deductions listed above (which total $1,282.50), I recommend that Counsel should be paid $14,617.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $14,617.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel sought $115.00 in "Travel Expenses." The CJA administrator reduced this amount to $50.00. I hereby approve this amount.

**CONCLUSION**

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Request Memorandum, the docket and filings in this case, I RECOMMEND that Counsel be paid $15,604.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this 3 day of November, 2010.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Stuart Adelstein, Esq.
Lucy Lara, CJA administrator